IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CORDELL L. GINES,**                         )
                                                                   )
                          Petitioner,              )
                                                                   )
V.                                                          )          Civil No.  **06-176-DRH**
                                                                   )
**KEN BARTLEY[1],**                         )
                                                                   )
                          Respondent.         )

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District

Judge David R. Herndon pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

Petitioner Gines, currently incarcerated in the Pinckneyville Correctional Center, brings

this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his

sentence.  **(Doc. 1).**  More specifically, petitioner contends: (1) the aggregate length of his

consecutive sentences for five counts of aggravated criminal sexual assault and one count of

armed robbery– 71 years– is excessive; and (2) and his sentence for armed robbery should run

concurrent to his other sentences.

Before the Court is respondent's motion to dismiss the petition because it is a successive

petition, in violation of 28 U.S.C. §§ 2244(b)(2)(A) and (B), and 2244(b)(3)(A); and *Tyler v.*

*Cain*, 533 U.S. 656, 661-662 (2001).  **(Doc. 9).**  Respondent notes that in 2004 this Court

---

[1]Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States
Courts, and *Bridges v. Chambers*, 425 F.3d 1048, 1049-1050 (7th Cir. 2005), the Court hereby
substitutes petitioner's current custodian, Warden Ken Bartley, for named respondent Julius
Flagg.  The Clerk of Court shall have the record reflect that Flagg is terminated as a respondent.

1

dismissed another Section 2254 petition filed by petitioner Gines, *Gines v. Mote*, No. 00-902-DRH (S.D.Ill. Mar. 25, 2004).  The prior petition challenged the same 1997 convictions, albeit on different legal grounds.  Respondent asserts that petitioner has not obtained leave from the Court of Appeals for the Seventh Circuit to file a successive petition; therefore, the petition must be dismissed for want of jurisdiction.  Furthermore, respondent contends that none of the exceptions to the successive petition rule contained in Section 2244(b)(2) apply.

In response, petitioner challenges the motion to dismiss, taking issue with the motion being filed by Illinois Attorney General Lisa Madigan, who is not a proper respondent to the petition for writ of habeas corpus.  **(Doc. 11).**  Petitioner fails to grasp that the motion to dismiss was filed by respondent Bartley, by and through Illinois Attorney General Madigan.  The Illinois Attorney General is acting merely as counsel for respondent, not as a respondent.  Petitioner offers no other arguments to counter the motion to dismiss.

### Applicable Legal Standards

In pertinent part, 28 U.S.C. § 2244 mandates:

(b)(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall be dismissed unless*--

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

2

(3)(A) *Before* a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

**28 U.S.C.A. § 2244 (emphasis added);** *see also Tyler v. Cain***, 533 U.S. 656, 661-662 (2001).**

<u>**Analysis**</u>

In this case, where it is clear that petitioner has already filed one collateral attack on his conviction, the Court is required to construe the instant motion as a second or successive collateral attack.  ***See United States v. Lloyd***, 398 F.3d 978, 980 (7th Cir. 2005); *see also* **Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts**.  A second or successive motion must be certified– *pre approved*-- as provided in section 2244 by the appropriate court of appeals.  Thus, only the Court of Appeals for the Seventh Circuit may authorize the commencement of a second or successive petition.  It plainly appears that petitioner has filed a successive petition; therefore the Court must dismiss the petition for want of jurisdiction.

<u>**Recommendation**</u>

For the aforestated reasons, it is the recommendation of this Court that respondent's motion to dismiss the petition **(Doc. 9)** be granted.

Although Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts indicates the Court should dismiss a successive petition immediately, out of an overabundance of caution this Court will allow the usual 10-day response period prescribed by 28 U.S.C. § 636(b), but no extensions will be granted.

**DATED:**     **February 2, 2007**         s/ Clifford J. Proud
                                                                **CLIFFORD J. PROUD**
                                                                **U. S. MAGISTRATE JUDGE**

**<u>Notice of Response Deadline</u>**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **February 19, 2007**.  **No extensions will be granted.**

4